IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN BRIAN DOWLING,<br>　　　　Petitioner<br><br>　　　v.<br><br>JOHN E. WETZEL, *et al.*,<br>　　　　Respondents | :　No. 3:15-CV-00220<br>:<br>:　(Judge Munley)<br>:<br>:<br>:<br>:<br>: |

## ORDER

Presently before the Court is Petitioner Kevin Dowling's motion for transfer of evidence. (Doc. 59). In the motion, Petitioner requests that rope cordage evidence be transferred from the York County Court of Common Pleas and West Manchester Police Department to Microtrace LLC to allow his retained expert to "accurately determine [its] composition." Id. at 4. The Commonwealth has moved for additional time to respond. (Doc. 60). For the reasons that follow, the Court will **GRANT** the Commonwealth's motion for additional time and **ORDER** both parties to provide additional briefing.

I.　**Background**

Petitioner Kevin Dowling is a state prisoner who was sentenced to nine to eighteen years of imprisonment following his April 1998 convictions of robbery, criminal attempt to commit rape, and indecent assault. Com. v. Dowling, No. 744 MDA 2013, 2014 WL 10915493, at *1 (Pa. Super. Ct. July 9, 2014). In

November 1998, by separate trial, Petitioner was convicted of murder and was sentenced to death. Id. The Superior Court of Pennsylvania affirmed Petitioner's noncapital convictions on July 1, 1999. Com. v. Dowling, 742 A.2d 202 (Pa. Super. Ct. 1999). The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on August 17, 2000. Com. v. Dowling, 760 A.2d 851 (Pa. 2000).

On November 9, 2001, Petitioner filed a *pro se* PCRA petition in his noncapital case, which included two claims of ineffective assistance of counsel. Com v. Dowling, 2014 WL 10915493, at *1. On January 15, 2002, the trial court appointed Petitioner counsel in his noncapital PCRA case. Id. Appointed counsel was the same counsel appointed to represent Petitioner in his capital appeal. See id. Counsel supplemented Petitioner's *pro se* PCRA petition but did not assert additional claims. (See Doc. 19-1 at 12–35). During this same period, the Pennsylvania Supreme Court remanded Petitioner's capital case to the trial court for an evidentiary hearing. Com. v. Dowling, 2014 WL 10915493, at *1. As a result, Petitioner's noncapital PCRA case and capital appellate case were each active before the same trial court. See id. In August 2002, the trial court held a joint evidentiary hearing between both cases. Id.

On April 2, 2004, the trial court issued an opinion in which it denied Petitioner's noncapital PCRA claims. Id. The trial court did not, however, issue

an order formally denying relief. Id. On September 29, 2005, the Supreme Court denied relief in Petitioner's capital appeal. Id. at *2. In its order denying relief, the Supreme Court "noticed that there had not been a final order entered in the PCRA proceeding" and directed the trial court to enter a final order disposing of Petitioner's PCRA petition to permit an appeal. Id.

Despite the Supreme Court's order, the trial court did not enter a final order or otherwise dispose of the noncapital PCRA case. Id. Instead, on February 15, 2006, the trial court permitted the Federal Community Defender Office for the Eastern District of Pennsylvania to enter an appearance in the noncapital PCRA case. Id. "Thereafter, over a six-year period, [Petitioner] filed a plethora of motions, including motions for discovery, recusal, and mandamus, and the case was reassigned to two different judges." Id. On August 5, 2008, Petitioner filed a second PCRA petition in his noncapital case, which included numerous issues and claims that were not raised in his initial petition. See id. at *3.

On March 28, 2013, the trial court finally "entered an order denying PCRA relief, finding moot all PCRA petitions and related filings that post-dated the Supreme Court's 2005 order." (See Doc. 19 at 22–25). The Superior Court affirmed the denial of Petitioner's original PCRA petition on appeal and declined to order a remand and require the trial court to examine Petitioner's new claims asserted in his second PCRA petition. Com. v. Dowling, 2014 WL 10915493 at

*3. In so holding, the Superior Court concluded that "the post-2005 filings [were] untimely serial PCRA petitions over which the trial court had no jurisdiction." Id. The Pennsylvania Supreme Court denied Petitioner's petition for allowance of an appeal on January 21, 2015. Com. v. Dowling, 108 A.3d 34 (Pa. 2015).

Petitioner filed a petition for writ of habeas corpus in this Court five days later. (Doc. 1). On August 21, 2015, Petitioner filed a motion for federal discovery, the vast majority of which related to claims that were not presented in his first noncapital PCRA petition. (Doc. 20). The Commonwealth opposed Petitioner's motion because "[g]rounds for Relief I-II, IV-IX, and XI-XIV are procedurally defaulted" and because Petitioner's requested discovery was unduly burdensome, not within its possession, and protected by the work-product doctrine. See id. at 5–9. In reply, Petitioner argued that his claims were not procedurally defaulted because the procedure by which his claims were dismissed was not "firmly established and regularly followed" in Pennsylvania. (Doc. 31 at 8). Petitioner alternatively argued that, to the extent his claims were procedurally defaulted, the default was excusable under the holdings of Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 412 (2013). Id. at 10–11.

On April 11, 2016, after holding oral argument, the Court entered an order granting Petitioner's motion for discovery and permitting him to engage in a wide

4

range of discovery. (See Doc. 37; Doc. 38). The parties conducted discovery for the next eight years. On September 23, 2024, the Court entered a scheduling order requiring the parties to either complete discovery "[o]n or before October 31, 2024[,]" or "file a joint status report that describes any unresolved issues." (Doc. 52). The Court also ordered that Petitioner file an amended petition and memorandum within 90 days of the conclusion of discovery and set forth response and reply deadlines derived therefrom. See id. Although fifteen months have passed since the expiration of the parties' Court-ordered discovery deadline, Petitioner now moves to further extend discovery and for certain rope cordage evidence to be transferred from state custody for additional expert examination. (Doc. 59).

## II. Discussion

The legal landscape related to discovery and the introduction of new evidence in federal habeas cases has significantly evolved since the Court's April 11, 2016 order permitting federal discovery. (Doc. 37). First and foremost, Supreme Court precedent now instructs that, because a federal court "'may *never* needlessly prolong a habeas case, particularly given the need to promote the finality of state convictions,'" it must "before facilitating the development of new evidence, determine that it could be legally considered in the prisoner's case." Shoop v. Twyford, 596 U.S. 811, 820 (2022) (citations omitted).

Consequently, the Court is required to determine whether it can legally consider Petitioner's rope cordage evidence before it is permitted to entertain whether to facilitate the transfer of that evidence. To effectuate the Court's ability to make this determination, the Petitioner must first brief whether each claim he intends to include in his forthcoming amended petition is procedurally defaulted. Though Petitioner previously briefed procedural default, (see Doc. 31), Petitioner must now supplement his briefing through consideration of new case law, including but not limited to, the holdings of Shinn v. Ramirez, 596 U.S. 366 (2022), Gonzalez v. Superintendent Houtzdale SCI, 802 F. App'x 45 (3d. Cir. 2020), and Williams v. Superintendent Mahanoy SCI, 45 F.4th 713 (3d. Cir. 2022).

Alongside his examination of procedural default, Petitioner must analyze Section 2254(e)(2) and brief whether the Court may consider any form of new evidence he seeks to use in support of his forthcoming amended petition. This is because "the standard to expand the state-court record is a stringent one," and "when a federal court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied." See Holland v. Jackson, 542 U.S. 649, 652 (2004); Shinn, 596 U.S. at 388–89; Williams, 45 F.4th at 723.

In line with these requirements, the Court will require Petitioner to examine each category of discovery allowed by the April 11, 2016 order, (Doc. 37), and to brief all relevant elements of Section 2254(e)(2) as related to any piece of newly discovered evidence within each category that Petitioner intends to use in support of his forthcoming amended petition. Among any other necessary work, Petitioner must thoroughly describe the factfinding efforts he took in state court, describe whether any newly discovered evidence and/or evidence not presented to the state court could have been previously discovered through the exercise of due diligence, and indicate whether "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. 2254(e)(2). These initial determinations will allow the Court to institute parameters around any form of new evidence that Petitioner intends to present in support of his amended petition *before* that petition is filed and the record is potentially expanded needlessly.

Only once the parties have fully briefed this matter can the Court determine (1) whether any of Petitioner's proposed claims may be supported with new evidence; and (2) how to rule on Petitioner's pending motion for transfer of evidence.

Accordingly, and in summation, it is hereby **ORDERED** that:

1. The Court's Scheduling Order, (Doc. 52), is **HELD IN ABEYANCE**;

2. Petitioner **SHALL FILE** supplemental briefing, as guided by the body of this Order and within 45 days from the date of this Order, regarding the procedural default of any claim he intends to include in his amended petition and, as related to any form of new evidence, whether the Court may consider that evidence in accordance with Section 2254(e)(2);

3. Respondents' motion for extension of time, (Doc. 60), is **GRANTED**, and Respondents **SHALL RESPOND** to Petitioner's supplemental briefing within 30 days of its filing. The response **SHALL INCLUDE** a substantive response to Petitioner's motion to transfer evidence, (Doc. 59);

4. Petitioner may reply to Respondents' response within 14 days of its filing;

5. Petitioner **SHALL FILE** a status report as to the status of his capital PCRA case within 30 days of the date of this Order. Petitioner shall thereafter file a status report as to the status of his capital PCRA case every 60 days, to continue until that matter is either resolved in

state court or until he files a federal petition for writ of habeas corpus in his capital case.

Date: 7/29/25

BY THE COURT:

*[signature]*

JUDGE JULIA K. MUNLEY
United States District Court